UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NOEL WAYNE LEATHERS,

     Plaintiff,

v.                                Case No. 3:25cv51-TKW-HTC

SPECIALIZED LOAN
SERVICING, LLC,

     Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Noel Wayne Leathers, proceeding *pro se*, has filed a "Complaint for Temporary Restraining Order and Preliminary Injunction." Doc. 1. The complaint seeks to prevent a foreclosure sale scheduled for February 5, 2025. Upon consideration, the undersigned concludes this case should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, as it barred by the *Rooker-Feldman* doctrine.[1] Alternatively, Leathers' claims would be subject to dismissal as barred by res judicata.

---

[1] The Court is obligated to *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims under the *Rooker-Feldman* doctrine. *See Linares v. Armor Corr. Health Servs., Inc.*, 591 F. App'x 924 (11th Cir. 2015) (affirming district court's *sua sponte* dismissal of plaintiff's complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and noting "[i]f at any time the district court determines that it lacks subject matter jurisdiction, it must dismiss the action").

## I.    Background

On January 30, 2024, Defendant Specialized Loan Servicing, LLC ("SLS"), filed suit in state court to foreclose on a property in Pensacola.  *See* Escambia Cnty. Case No. 2024 CA 119.  Leathers was not the mortgagor but was a defendant in the state court action and claims a financial interest in the property due to "having made prior payments related to its maintenance and preservation."  He asserts he made multiple attempts "to purchase the mortgage or reinstate the loan but has been denied transparency and negotiation opportunities by SLS."  Leathers maintains his due process rights were violated during the foreclosure proceedings because SLS refused "to provide fair notice" and he was denied a jury trial.  He also contends the "contributions" he made to the property "should entitle him to assume the mortgage rights."

As relief, Leathers asks the Court to: (1) issue a temporary restraining order and preliminary injunction halting the foreclosure sale on February 5, 2025; (2) order SLS "to produce legal justification for its refusal to allow [Leathers] to purchase the mortgage"; and (3) hold a hearing to determine Leathers' equitable subrogation rights.

## II.    Discussion

The *Rooker-Feldman* doctrine prohibits a district court from exercising subject matter jurisdiction over a complaint "brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine bars claims where "the source of the plaintiff's injury is the state-court judgment itself," *Efron v. Candelario*, 110 F.4th 1229, 1236 (11th Cir. 2024), "whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else." *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021) (citation omitted).

Here, the state court entered a final judgment of foreclosure on December 31, 2024—before Leathers filed this federal action on February 3, 2025.[2] And because Leathers asks this Court to stop the foreclosure sale and allow him an opportunity to purchase the mortgage, it is clear he effectively wants the Court to nullify the judgment of foreclosure and let him keep litigating the issues already decided in state court. Thus, this case should be dismissed without prejudice under the *Rooker-Feldman* doctrine. *See Froncek v. Nationstar Mortgage LLC*, 2015 WL 12838166, at *1 (M.D. Fla. Aug. 3, 2015) (concluding court lacked jurisdiction under *Rooker-*

---

[2] No appeal has been filed in the state court action that would preclude application of the *Rooker-Feldman* doctrine. *See Nicholson v. Shafe*, 558 F.3d 1266, 1279 (11th Cir. 2009) ("state proceedings have not ended for purposes of *Rooker–Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action").

*Feldman* doctrine to stop foreclosure sale and consider propriety of state foreclosure order).

Furthermore, even if Leathers' claims did not implicate the *Rooker-Feldman* doctrine, they would be barred by res judicata. "Under Florida law, res judicata applies where there is: '(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality [or capacity] of the persons for or against whom the claim is made'; and (5) the original claim was disposed on the merits." *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1074 (11th Cir. 2013) (quoting *Andela v. Univ. of Miami*, 692 F. Supp. 2d 1356, 1371 (S.D. Fla. 2010)).

Here, both SLS and Leathers were parties to the state court foreclosure action. *See* Escambia Cnty. Case No. 2024 CA 119. And the state court action concerned the disposition of the same property Leathers asserts a right to in federal court. Moreover, Leathers raised the same arguments in state court that he raises in his complaint in this case. Namely, in response to SLS's motion for summary judgment, Leathers argued he should be allowed to buy the mortgage from SLS and he was entitled to a jury trial. The state court rejected those arguments and entered judgment in favor of SLS. *See id.* (December 31, 2024 Final Judgment of Foreclosure). Thus, because Leathers has already litigated the issues he raises in federal court, his claims are barred by res judicata. *See Beepot v. J.P. Morgan Chase Nat'l Corporate Servs.*,

*Inc.*, 57 F. Supp. 3d 1358, 1374 (M.D. Fla. 2014) (concluding plaintiffs' claims were barred by res judicata because "[t]he allegations in the Amended Complaint are intertwined with the validity of the loan and mortgage, the rights of those claiming an interest in the Subject Property, and the propriety of foreclosure, all matters adjudicated in the State Foreclosure Action").

Accordingly, it is RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2.    That the Clerk close the file.

At Pensacola, Florida, this 4th day of February, 2025.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.